HARPER
*v.*
DEVENE.

10  725
116  817

## P. A. LAMBERT *v.* BERNARD DE SANTOS.

Article 771 of the Code of Practice provides, that the Deputy Sheriff may represent the Sheriff in all the duties confided by law to the latter. The administration of the oath to the appraiser of property is one of the duties of the Sheriff. Acts of 1847, p. 55.

The evidence showed that the defendant was present at the sale, and although he had made a verbal request of the Sheriff to sell the lots separately, he had not taken the precaution to require a separate appraisement. He stood by silently while the property was being sold in block, without making any objections to that mode of sale. *Held:* That he cannot be permitted now to set up that objection to the title acquired by the purchaser.

Defendant was apprised of all the proceedings, and made no objection, on the ground that the appraisers did not examine the property, until after the property was sold. *Held:* that the objection comes now too late.

APPEAL from the Fourth District Court of New Orleans, *Reynolds* J.
*Budd & Lambert*, for plaintiff. *G. &. C. E. Schmidt*, for defendant and appellant. *L. Charvet & O. Drouet*, for *P. A. Lanauze*.

OGDEN. J. *P. A. Lanauze*, the purchaser of the mortgage property, which was sold under a writ of seizure and sale, issued in this suit, sued out a monition to perfect his title.

The defendant opposed the homologation of the sale, on the allegation of informalities thereof, which are urged in argument by the appellant's counsel in this court. The first is an objection to the advertisement and description of the property, which it is alleged contains errors to the prejudice of the defendant. The description appears to us to be sufficiently certain as to the object which was to be sold, to prevent any one from being misled, and it corresponds with the act of mortgage and the writ of seizure and sale.

The second and third objections relate to the appraisement of the property: it is contended that the appraisement was illegal, because the appraisers were not properly sworn, the oath having been administered by the Deputy Sheriff; that as the property consisted of two distinct lots of ground, there should have been a separate appraisement of each lot; that the appraisers neglected to examine the property before estimating it, and that the Sheriff, although requested, refused to sell the lots separately.

As to the oath being administered to the appraisers by the Deputy Sheriff instead of the Sheriff, there is no weight to be attached to the objection. Act 771 of the Code of Practice, provides, that the Deputy Sheriff may represent the Sheriff in all the duties confided by law to the latter, and this is one of the duties of the Sheriff. Acts of the Legislature, 1847, p. 55.

The evidence shows, that the defendant was present at the sale, and although he had made a verbal request of the Sheriff to sell the lots separately, he had not taken the precaution to require a separate appraisement, and having stood

by silently while the property was being sold in block, without making any objections to that mode of sale, he cannot be permitted now to set up that objection to the title acquired by the purchaser. The objection that the appraisers did not examine the property comes also too late, when it is considered that the defendant was apprised of all the proceedings, and made no objection on that ground until after the property was sold.

The irregularities complained of are not such under the circumstances, as ought, in our opinion, to invalidate the sale.

It is, therefore, decreed, that the judgment of the court below be affirmed, with costs.

This opinion, prepared by Judge OGDEN, is adopted as the unanimous opinion of the court.